UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Zachary Clemans )<br>    *Plaintiff* )<br>         )<br>v. )<br>         )<br>Collection Associates National, Inc. )<br>    *Defendant* )<br>Serve: )<br>    Ruth Ann Maier )<br>    8918 Stone Green Way )<br>    Louisville, KY 40220 )<br>         ) | Case No. 3:15-CV-726-JHM |

## **VERIFIED COMPLAINT and DEMAND FOR JURY TRIAL**

### Introduction

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Defendant Collection Associates National, Inc. ("CAN") violated the FDCPA by attempting to collect a debt from Mr. Clemans after receiving his timely debt-validation-and-dispute letter before validating the debt and by failing to note that he had disputed the debt in the negative credit information it furnished concerning the debt to one or more consumer credit reporting agencies ("CRA's").

3. CAN violated the FCRA by failing to conduct a reasonable investigation of Mr. Clemans's dispute concerning the debt made with all three CRA's.

### Jurisdiction and Venue

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. Venue is proper, because the relevant events affected and/or damaged a consumer living within Jefferson County, Ky., which is located within this District.

### Parties

5. Zachary Clemans is an adult resident of Jefferson County, KY.

6. Zachary Clemans is a "consumer" within the meaning of the FDCPA and FCRA,

as defined at 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

7. Collection Associates National, Inc. is a third-party debt collector, whose principal office is located at 8918 Stone Green Way, Louisville, KY 40220.

8. CAN regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

9. CAN is a furnisher of information within the meaning of the FCRA.

## FACTUAL BACKGROUND

10. CAN sent Mr. Clemans a dunning letter dated April 21, 2015 in connection with the collection of an alleged debt bearing Account Number 76467 that Mr. Clemans allegedly owed to River Chase Apartments. (A copy of this letter is attached as Exhibit "A.")

11. CAN's April 21st dunning letter was CAN's initial communication under 15 U.S.C. § 1692g with Mr. Clemans in connection with CAN Acct. #76467.

12. The alleged River Chase Apartment debt was for rent for Mr. Clemans' personal residence, which makes the River Chase Apartment debt a "debt" within the meaning of the FDCPA.

13. On May 12, 2015, Mr. Clemans sent CAN a debt-validation-and-dispute letter. (A copy of this letter is attached as Exhibit "B.")

14. Mr. Clemans' May 12th letter was delivered to CAN on May 13, 2015.

15. On June 1, 2015, CAN furnished negative information concerning Mr. Clemans and the River Chase Apartment debt to one or more consumer credit reporting agencies.

16. CAN did not note that Mr. Clemans had disputed the debt in the negative credit information that it furnished to the CRA's concerning the River Chase Apartment debt.

17. CAN attempted to collect the alleged River Chase Apartment debt by furnishing negative credit information concerning Mr. Clemans and the debt to the CRA's. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'")

18. In a letter erroneously dated October 31, 2014, CAN finally sent Mr. Clemans validation and verification of the alleged River Chase Apartment debt.

19. Mr. Clemans received CAN's debt-validation letter dated October 31, 2014 on or about June 14, 2015.

20. CAN's debt-validation letter revealed that CAN included unlawful interest-based collection fees that had been added to the amount of the alleged River Chase Apartment debt.

21. CAN's debt-validation letter also revealed that the debt included fictitious charges imposed in violation of the Mr. Clemans' lease with River Chase Apartments.

22. In August 2015, Mr. Clemans exercised his rights under the FCRA and disputed the alleged River Chase Apartment debt with all three major CRA's.

23. Upon information and belief, one or more consumer reporting agencies notified CAN of Mr. Clemans' dispute, which triggered CAN's duty to re-investigate the debt under 15 U.S.C. § 1681s-2(b).

24. One or more consumer reporting agencies continues to report derogatory information concerning the River Chase Apartment debt on Mr. Clemans' consumer credit report after receiving Mr. Clemans' dispute.

25. The information concerning the River Chase Apartment debt on Zachary Clemans's consumer credit reports is false because the amount of the debt furnished by CAN included an unlawful percentage-based collection fee and fictitious charges imposed in violation of the Mr. Clemans' lease with River Chase Apartments.

26. Upon information and belief, CAN failed to conduct a reasonable investigation into Mr. Clemans' dispute concerning the information CAN is furnishing to one or more consumer reporting agencies.

27. CAN violated multiple sections of the FDCPA in its connection with its attempt to collect the alleged River Chase Apartment debt from Mr. Clemans, including but not limited to:

- Attempting to collect the alleged River Chase Apartment debt from Mr. Clemans without first validating and verifying the debt;

- Failing to note that Mr. Clemans had disputed the River Chase Apartment debt in the negative credit information concerning Mr. Clemans and the debt that CAN furnished to one or more of the CRA's;

- Furnishing false negative credit information about Mr. Clemans and the alleged River Chase Apartment debt to one or more consumer reporting agencies; and

- Attempting to collect an unlawful percentage-based collection fee from Mr. Clemans.

28. CAN violated the FCRA by willfully, or in the alternative negligently, failing to conduct a reasonable investigation of Mr. Clemans' dispute concerning the alleged River Chase Apartment debt as required by law.

**CLAIMS FOR RELIEF:**

### Violation of the Fair Debt Collection Practices Act

29.     The foregoing acts and omissions of Collection Associates National, Inc. constitute violations of the FDCPA, including, but not limited to violations of 15 U.S.C. § 1692e, § 1692f, and § 1692g.

### Violation of the Fair Credit Reporting Act

30.     The foregoing acts and omissions of Collection Associates National, Inc. constitute violations of the FCRA, including, but not limited to:

**A.     Violation of 15 U.S.C. § 1681n**

31.     After being informed by one or more consumer reporting agencies that Zachary Clemans disputed the accuracy of the information it was providing, CAN willfully failed to conduct a proper investigation of the Zachary Clemans' dispute that CAN was furnishing negative credit information that included fees and fictitious charges that Mr. Clemans did not owe.

32.     CAN willfully failed to review all relevant information purportedly provided by such consumer reporting agencies to CAN in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

33.     CAN willfully failed to direct such consumer reporting agencies to delete inaccurate information about Zachary Clemans pertaining to the alleged River Chase Apartment debt as required by 15 U.S.C. § 1681s-2(b)(C).

34.     Zachary Clemans has a private right of action to assert claims against CAN arising under 15 U.S.C. § 1681s-2(b).

35.     CAN is liable to Zachary Clemans for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**B.     Violation of 15 U.S.C. § 1681o**

36.     After being informed by one or more consumer reporting agencies that Zachary Clemans disputed the accuracy of the information it was providing, CAN willfully failed to conduct a proper investigation of the Zachary Clemans's dispute that CAN was furnishing negative credit information that included fees and fictitious charges that Mr. Clemans did not owe.

37.     CAN negligently failed to review all relevant information purportedly provided by such consumer reporting agencies to CAN in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

38. CAN negligently failed to direct such consumer reporting agencies to delete inaccurate information about Zachary Clemans pertaining to the alleged River Chase Apartment debt as required by 15 U.S.C. § 1681s-2(b)(C).

39. Zachary Clemans has a private right of action to assert claims against CAN arising under 15 U.S.C. § 1681s-2(b).

40. CAN is liable to Zachary Clemans for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and she may recover therefore pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zachary Clemans request the Court grant him relief as follows:

a. Award Plaintiff actual damages;

b. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

c. Award Zachary Clemans maximum statutory damages under 15 U.S.C. § 1681n.

d. Award Zachary Clemans punitive damages under 15 U.S.C. § 1681n;

e. Award Plaintiff reasonable attorney's fees and costs;

f. A trial by jury; and

g. Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite #4
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyconsumerlaw.com

## Verification

Plaintiff Zachary Clemans declares as follows:

1. I am a Plaintiff in the present case and reside in Jefferson County, Kentucky.

2. I have personal knowledge of myself and my activities, including those set out in the foregoing *Verified Complaint,* and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Complaint* concerning myself and my activities are true and correct. 28 U.S.C. § 1746.

Executed on   September 11, 2015

_____
Zachary Clemans